IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 JUN -4 PM 3: 46

DEPUTY CLERK____

UNITED STATES OF AMERICA

v.

KRISTY JACKSON (2)

NO.  3:19-CR-058-S

## FACTUAL RESUME

In support of Kristy Jackson's plea of guilty to the offense in Count One of the

Indictment, Kristy Jackson, the defendant; Starling Marshall McCallum, the defendant's

attorney; and the United States of America (the government) stipulate and agree to the

following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count 1 of Indictment, charging a violation of 18

U.S.C. § 371, that is, conspiracy to commit the offense of access device fraud—to wit,

possession of 15 or more access devices and possession of device-making equipment

affecting interstate or foreign commerce, the government must prove each of the

following elements beyond a reasonable doubt:[1]

> *First.*     That the defendant and at least one other person made an agreement
> to commit the crime of access device fraud, to wit, possession of 15
> or more unauthorized or counterfeit access devices and possession of
> device-making equipment as charged in the Indictment;

> *Second.*    That the defendant knew the unlawful purpose of the agreement and
> joined in it willfully, that is, with the intent to further the unlawful

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).

Factual Resume—Page 1

purpose; and

*Third.*  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The elements of 18 U.S.C. § 1029(a)(3), possession of fifteen or more access devices, are as follows:

*First.*  That the defendant knowingly possessed fifteen or more access devices;

*Second.*  Those devices were counterfeit or unauthorized

*Third.*  The defendant possessed those devices with the intent to defraud; and

*Fourth.*  The defendant's conduct affected interstate or foreign commerce.[2]

The elements of 18 U.S.C. § 1029(a)(3), possession and control of device-making equipment, are as follows:

*First.*  That the defendant knowingly possessed device-making equipment;

*Second.*  The defendant acted with the intent to defraud; and

*Third.*  The defendant's conduct affected interstate or foreign commerce.[3]

## STIPULATED FACTS

1.  From in or around September 2018, through in and around January 2019, in the Northern District of Texas, Dallas Division, and elsewhere, defendant Kristy Jackson,

---

[2] Fifth Circuit Pattern Jury Instruction 2.49B (5th Cir. 2015).

[3] Model Crim. Jury Instr. 9th Cir. 8.87 (2010); Pattern Criminal Federal Jury Instruction (listing elements of 18 U.S.C. § 1029(a)(4)) (2012), at 341.

did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with one or more other persons, including Jordan Rotenberry, Samantha Swindell, and others, to (1) knowingly and with intent to defraud possess fifteen (15) or more devices which are counterfeit and unauthorized access devices, affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3); and (2) knowingly and with the intent to defraud, produce, traffic in, have control and custody of, and possess device-making equipment, affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(4).

2.      Jackson admits that she illegally obtained unauthorized and counterfeit access devices—namely, debit card and credit card numbers—without the consent and authorization of the actual account holders to whom these debit and credit card numbers were assigned.  Jackson and at least five other individuals obtained the unauthorized and counterfeit access devices from chat rooms, the dark web, and through text messages/Facebook messages from other conspirators.  Jackson admits that she would access chat rooms and the dark web from her computer while in the Northern District of Texas.

3.      Jackson admits that she and her co-conspirators traded the debit and credit card numbers to other co-conspirators in exchange for money and drugs.

4.      Once Jackson and others illegally obtained stolen debit and credit card numbers as described above, Jackson obtained and used an embosser, which Jackson used to emboss altered and counterfeit credit cards.  Jackson shared the embosser with co-conspirators for the purposes of making counterfeit and unauthorized access devices

in order to obtain goods and services to which they (Jackson and co-conspirators) were not entitled to obtain. Jackson admits and understands that the government could prove at trial that her activities of using and possessing unauthorized access devices and device-making equipment affected interstate commerce in that the stolen debit and credit card numbers were issued by federally-insured financial institutions and that the use of the unauthorized debit and credit cards to obtain goods and services at hotels and other establishments in the Dallas, Texas area caused servers located outside the State of Texas to be accessed.

5.      Jackson admits that from at least September of 2018 through January of 2019, she and her co-conspirators possessed approximately 695 unauthorized and counterfeit access devices, i.e., debit and credit cards with valid numbers issued to actual account holders. Jackson further admits that she possessed and used device-making equipment, including a reader/writer, two embossers, sand paper, and gift cards.

6.      Jackson was aware of the unlawful nature of the agreement and joined in it willfully; that is, with the intent to further the unlawful purpose of the agreement.

7.      The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count 1 of the Indictment.

AGREED TO AND STIPULATED on this 2ʹ day of _____ May _____, 2019.

 

 

ERIN NEALY COX
UNITED STATES ATTORNEY


_____
KRISTY JACKSON
Defendant


_____
STARLING MARSHALL McCALLUM
Attorney for Defendant

 

_____
RYAN R. RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, Third Floor
Tel:  214-659-8713
Email: ryan.raybould2@usdoj.gov


_____
DAMIEN DIGGS
D.C. Bar No. 501552
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas, 75245
Telephone: 214-659-8629
Damien.diggs@usdoj.gov